# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| Omayra V., | |
| Plaintiff, | Civil No. 3:23-cv-01455-MPS |
| v. | |
| Kilolo Kijakazi, Commissioner of Social Security, | |
| Defendant. | November 14, 2023 |

### ORDER RE: MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Plaintiff, Omayra V.,[1] has moved for leave to proceed *in forma pauperis* – in other words, she has asked the Court for permission to start a civil case without paying the customary filing fee. A federal law permits her to do so if, among other things, she submits an affidavit listing her assets and showing that she is unable to pay the fee. *See* 28 U.S.C. § 1915(a)(1).

To qualify for *in forma pauperis* status, Plaintiff does not have to demonstrate absolute destitution, *see Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (per curiam), but she does need to show that "paying such fees would constitute a serious hardship." *Fiebelkorn v. U.S.*, 77 Fed. Cl. 59, 62 (2007). Put differently, a "sufficient" *in forma pauperis* application is one that demonstrates that Plaintiff "cannot because of [her] poverty pay or give security for the costs and still be able to provide [her]self and [her] dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

---

[1] Pursuant to D. Conn. Standing Order CTAO-21-01, Plaintiff will be identified solely by first name and last initial throughout this order.

In this case, Plaintiff's motion for leave to proceed *in forma pauperis* was accompanied by a financial affidavit that failed to specify whether Plaintiff is employed, self-employed, or unemployed. (ECF No. 2, at 3.) Furthermore, the affidavit stated that Plaintiff has no cash on hand or assets other than a 2010 Toyota Corolla. (*Id.*) Plaintiff's financial affidavit has not provided the Court with any information as to how she supports herself.

This Court and others have held that these sorts of affidavits must be incomplete and, by extension, do not support *in forma pauperis* status. *See, e.g., Jessie C.*, No. 22-cv-00609-SRU, 2022 WL 2068993 (D. Conn. May 2, 2022) (holding a financial affidavit to be insufficient because it listed no assets, bank accounts, income, or government benefits other than Husky D and state health insurance); *Pierre v. City of Rochester*, No. 16-cv-6428 CJS, 2018 WL 10072449, at *1 (W.D.N.Y. Dec. 13, 2018) (denying leave to proceed *in forma pauperis* when the plaintiff claimed that he had no assets and received no support from any other source because he "offer[ed] no explanation for how he survives day-to-day or how his monthly expenses are paid").

In *Pierre*, the court added that if the plaintiff indeed had no income of his own, but was relying on another person for support, he was obliged to provide a statement of that person's resources because "a court may consider the resources that the applicant has or can get from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling or next friend." *Id.*, at *1 (quoting *Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002)).

The Court therefore orders that, by December 1, 2023, Plaintiff must either (a) pay the filing fee or (b) submit a revised financial affidavit that fully and candidly explains how she supports herself. Should she choose to file a revised financial affidavit, she shall enter an answer, specific dollar amount, or zero, as applicable, on each of the form's blanks. Plaintiff is respectfully

advised that, if she neither pays the filing fee nor obtains leave to proceed *in forma pauperis*, her case may be dismissed.

*/s/ Maria E. Garcia*
Hon. Maria E. Garcia
United States Magistrate Judge
