UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| OMAYRA V.,[1]<br>    *Plaintiff*,<br><br>v.<br><br>COMMISSIONER OF SOCIAL<br>SECURITY,<br>    *Defendant*. | 3:23-cv-1455 (SVN)<br><br><br><br><br><br>February 13, 2025 |

**RULING ON PLAINTIFF'S MOTION TO REVERSE OR REMAND AND
DEFENDANT'S MOTION TO AFFIRM DECISION OF COMMISSIONER**

Sarala V. Nagala, United States District Judge.

      Plaintiff Omayra V. filed an application for supplemental security income benefits under Title XVI of the Social Security Act. Plaintiff now appeals the decision of an Administrative Law Judge ("ALJ") finding that she was not under a disability within the meaning of the Social Security Act since February 6, 2020, the date the application was filed. Plaintiff generally argues that the ALJ erred by improperly relying on the opinion of a state medical expert who failed to review certain relevant medical evidence, improperly evaluating medical opinions and evidence regarding Plaintiff's conditions, and failing to appropriately consider Plaintiff's medical limitations. Plaintiff asserts these failures resulted in the ALJ reaching the wrong conclusion regarding Plaintiff's residual functional capacity ("RFC"), which in turn impacted the ALJ's conclusions regarding appropriate work Plaintiff could do. The Commissioner moves for affirmance of the ALJ's decision. For the following reasons, Plaintiff's motion to reverse is GRANTED IN PART to the extent Plaintiff seeks remand for the ALJ to consider an expert medical opinion regarding the

---

[1] In opinions issued in cases filed pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), this Court will identify and reference any non-government party solely by first name and last initial, in order to protect the privacy interest of social security litigants while maintaining public access to judicial records. *See* Standing Order – Social Security Cases (D. Conn. Jan. 8, 2021).

impact overlooked records related to her spinal condition would have on her RFC, and DENIED IN PART, as to Plaintiff's remaining claims and Plaintiff's request for remand for payment of benefits. The Commissioner's motion to affirm the ALJ's decision is DENIED.

## I.  BACKGROUND

The Court assumes the parties' familiarity with Plaintiff's medical history, as summarized in the Commissioner's statement of facts. Def.'s Br., ECF No. 34-1, at 1–5. As Plaintiff did not file a statement of facts as required by the Court's Standing Order on Social Security Cases and did not file any opposition to the Commissioner's statement of the facts, the Court adopts and incorporates by reference these statements of fact. The Court will also assume familiarity with the five sequential steps used in the analysis of disability claims, the ALJ's opinion, and the record. The Court will only cite portions of the record and the legal standards necessary to explain its decision.

## II.  STANDARD OF REVIEW

It is well-settled that a district court will reverse the decision of the Commissioner as to whether a claimant is disabled only when it is based upon legal error or when it is not supported by substantial evidence in the record. *See, e.g.*, *Greek v. Colvin*, 802 F.3d 370, 374–75 (2d Cir. 2015) (*per curiam*); 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . ."). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks and citation omitted).

"In determining whether the agency's findings were supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and

evidence from which conflicting inferences can be drawn." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (*per curiam*) (internal quotation marks and citation omitted). "Under this standard of review, absent an error of law, a court must uphold the Commissioner's decision if it is supported by substantial evidence, even if the court might have ruled differently." *Campbell v. Astrue*, 596 F. Supp. 2d 446, 448 (D. Conn. 2009). The court must therefore "defer to the Commissioner's resolution of conflicting evidence," *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012), and reject the Commissioner's findings of fact only "if a reasonable factfinder would *have to conclude otherwise*," *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (emphasis in original). Stated simply, "[i]f there is substantial evidence to support the [Commissioner's] determination, it must be upheld." *Selian*, 708 F.3d at 417.

### III. DISCUSSION

Although Plaintiff does not specify at which steps of the disability claim analysis she believes the ALJ erred, it appears she challenges the ALJ's conclusions at steps two, three, and four. The Court therefore proceeds to review the ALJ's analysis at each of these steps.

The Court holds that the ALJ'S conclusions at step two, related to which of Plaintiff's impairments are severe, and step three, related to whether an impairment is of the severity of a listed impairment, are supported by substantial evidence. In formulating the RFC at step four, however, the ALJ erred, requiring remand.

#### A. Step Two:  Impairment Severity

At step two, the ALJ must determine whether the claimant has a medically determinable impairment, which is "severe" if it significantly limits her ability to do work-related physical or mental activities. 20 C.F.R. §§ 416.921, 416.922. Plaintiff appears to argue at separate points in her brief that the ALJ erred in determining that Plaintiff's fibromyalgia and migraines were not

medically determinable impairments.  Pl.'s Br., ECF No. 26-1, at 14–19.  Substantial evidence supports each of these determinations.

First, Plaintiff generally asserts that the ALJ's determination was not supported by substantial evidence because Plaintiff had a diagnosis of fibromyalgia and experienced symptoms that align with symptoms of fibromyalgia, as detailed in Social Security Ruling 12-2p, 2012 WL 3104869, *2 ("SSR 12-2p").  Pl.'s Br. at 14–17.  Under SSR 12-2p, a diagnosis of fibromyalgia, on its own, is insufficient to establish a medically determinable impairment.  *See* Evaluation of Fibromyalgia, SSR 12-2p (explaining how a diagnosis of fibromyalgia is evaluated for the purposes of disability claims and specifically noting that the Social Security Administration "cannot rely upon the physician's diagnosis alone").  Rather, the evidence must also demonstrate that Plaintiff meets specific diagnostic criteria.  *Id.* at *2–3.

Although Plaintiff argues that she has met such criteria because medical documentation shows that she experienced "repeated manifestations of six or more [fibromyalgia] symptoms," she fails to account for the inconsistency with which these symptoms were reported.  *See* Pl.'s Br. at 16–17; Def.'s Br. at 16–17.  Further, even if the reported symptoms were consistent, Plaintiff fails to provide objective medical evidence to support her subjective reports of these symptoms.  *See id.*; *see also* SSR 12-2p at *3.  Absent medically supported evidence, these statements fail to contradict the ALJ's determination that Plaintiff's fibromyalgia is not a medically determinable impairment.  *See* Tr. 19; SSR 12-2p at *3 (requiring "objective medical evidence to establish the presence of a [medically determinable impairment]").  Reviewing the record as a whole, the Court concludes that Plaintiff has failed to show that no reasonable factfinder could have reached the same conclusion as the ALJ—that Plaintiff's fibromyalgia is not a medically determinable impairment.  As such, the ALJ's determination stands.

Substantial evidence also supports the ALJ's determination that Plaintiff's migraines were not medically determinable because her treatment records did not indicate that her migraines "cause[d] her continued or sustained functional limitations." Tr. 19. Although Plaintiff argues that the duration of her migraine diagnosis and the medication she is prescribed support a finding that her migraines are medically determinable, *see* Pl.'s Br. at 17–19, she fails to point to evidence in the record before the ALJ showing this diagnosis was supported "by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 416.921.

Even if Plaintiff were able to point to such evidence, though, she fails to demonstrate that her migraines would constitute severe impairments. The same progress note that indicates that Plaintiff experiences "up to 3 migraines a month," which Plaintiff relies upon to demonstrate the severity of her migraines, *see* Pl.'s Br. at 18–19, also states that Plaintiff's migraines have "been better," have been occurring "less often," "[a]t about 0-3/month," and that Plaintiff reports that "[s]he is comfortable with migraine control." Tr. 597. Additionally, neither the record nor Plaintiff's brief assert that migraines cause Plaintiff sustained functional limitations or otherwise impair her ability to perform basic work activities. *See* 20 C.F.R. § 416.922(a) ("An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities."). Thus, the record supports the conclusion that Plaintiff's migraines are not a severe impairment.

    B. <u>Step Three: Mental Impairments Do Not Meet or Medically Equal the Severity of a Listed Impairment</u>

At step three, the ALJ determines if the claimant's impairments meet or equal a listed impairment—in other words, whether the impairment is *per se* disabling. *See* 20 C.F.R. § 416.920(d); *Hernandez v. Berryhill*, No. 3:17-cv-368 (SRU), 2018 WL 1532609, at *1 (Mar. 29, 2018). The Court affirms the ALJ's determination that Plaintiff's combination of mental

impairments did not meet or medically equal the severity of a listed impairment, as this conclusion is supported by substantial evidence. Although her briefing is somewhat unclear, Plaintiff seems to object to the ALJ's findings that Plaintiff only had mild limitations in interacting with others and moderate limitations in adapting or managing herself, two of the "paragraph B" criteria for Plaintiff's severe mental impairments—depression and anxiety. *See* 20 C.F.R. Pt. 404, Subpt. P, Appendix 1 ("App. 1") §§ 12.04 (describing the criteria to assess the severity of "depressive, bipolar, and related disorders"); 12.06 (describing criteria to assess the severity of "anxiety and obsessive-compulsive disorders").

First, substantial evidence supports the ALJ's conclusion that Plaintiff has a moderate limitation in adapting and managing herself. A finding of "moderate limitations" suggests that Plaintiff has some limitations regarding her ability to adapt and manage herself, but that her ability is "fair" and not "seriously limited." App. 1 § 12.00(F)(2) (describing the limitation levels). The ALJ made this determination based on Plaintiff's own statements and her Function Report. Tr. 20 (noting that Plaintiff stated that she "remains capable of cleaning her home, performing household tasks, and cooking" at the hearing and that on her function report she indicated that she "remains capable of paying bills, handling financial accounts, shopping in stores, driving, and preparing simple meals."). The record supports this conclusion. Dr. Hernandez-Rivera's evaluation[2] states that "claimant indicated <u>not</u> having some difficulty to carry out [activities of daily living] including showering, dressing herself, brushing teeth and hair, . . . cooking and doing some household work," though she takes her time doing so because of "her problems with her back and legs, constant

---

[2] Plaintiff asserts that the ALJ failed to assign a weight to Dr. Hernandez-Rivera's report in his ruling. Pl.'s Br. at 7. However, the ALJ was not required to do so because the report does not constitute a medical opinion under 20 C.F.R. § 416.913(a)(2) (2017). Because Dr. Hernandez-Rivera's report did not indicate what Plaintiff could do despite her impairments, it did not constitute a medical opinion. Therefore, no statement of persuasiveness was required. *See* 20 C.F.R. § 416.920c.

pain." Tr. 448 (emphasis added).  Plaintiff's own statements on her Adult Function Report also indicate that she can care for a pet, attend to her personal hygiene, prepare simple meals every day, do household chores, drive a car, go shopping, and complete money related tasks.  Tr. 249–53. While the Adult Function Report indicates that Plaintiff experiences challenges with personal care, this conflicts with Plaintiff's own statements to Dr. Hernandez-Rivera.  *Compare* Tr. 250 (noting an inability to engage in personal care activities) *with* Tr. 448 (noting that Plaintiff reports not having difficulty with personal care activities).

Plaintiff appears to argue that the ALJ only acknowledged evidence that supported his opinion regarding Plaintiff's ability to engage in activities of daily living.  But an accusation that the ALJ "cherry-picked evidence . . . is simply a disagreement with the ALJ's weighing of the evidence, which the deferential standard of review prevents [a court] from reweighing."  *Snyder v. Comm'r of Soc. Sec.*, No. 22-277-CV, 2023 WL 1943108, at *3 (2d Cir. Feb. 13, 2023) (internal citations and quotation marks omitted); *see also Cage*, 692 F.3d at 122.  Finally, *Flynn v. Comm'r of Soc. Sec.*, No. 19-CV-6315 (FPG), 2020 WL 3401266 (W.D.N.Y. June 19, 2020), on which Plaintiff relies, is distinguishable because it did not involve conflicting evidence; rather, there, the court concluded that the ALJ misrepresented evidence in the record, a concern not at issue here. Accordingly, with respect to the ALJ's conclusion that Plaintiff has a moderate limitation in adapting and managing herself, Plaintiff does not adequately show—and the Court, upon review of the record, cannot independently find—that a reasonable fact finder would have to reach a different conclusion than the ALJ.  *See Brault*, 683 F.3d at 448.  Instead, the record shows that substantial evidence supports the ALJ's conclusion; thus, this Court must uphold that conclusion.

With regard to the ALJ's determination that Plaintiff only had mild limitations in interacting with others, Plaintiff erroneously argues that nothing in Dr. Hernandez-Rivera's report

"line[s] up" with this conclusion. Pl.'s Br. at 7. But the ALJ relied on several different sources in the record to reach this conclusion, each of which this Court has verified on an independent review of the record. Tr. 20. First, Plaintiff's Adult Function report indicates that although she "do[es] not have a social life," she spends time with others in person and via video chat, gets along with authority figures, goes to church, leaves her home independently, and eats with and talks to others. Tr. 253–54. Plaintiff's own statements in this report, therefore, support the conclusion that Plaintiff has only mild limitations when interacting with others. Additionally, Dr. Hernandez-Rivera's report indicated that Plaintiff spends a lot of time alone but socializes with her husband and children. Tr. 448. Plaintiff appears to assert that Dr. Hernandez-Rivera's characterization of Plaintiff's family as a "support system," coupled with Plaintiff's self-reported depressive and anxious symptoms, undermines the ALJ's determination that Plaintiff has a mild limitation in interacting with others. Pl.'s Br. at 7, 10. To the extent that this argument suggests that the ALJ improperly evaluated conflicting evidence, the law demands that the Court "defer to the Commissioner's resolution" of it. *Cage*, 692 F.3d at 122. The ALJ weighed the evidence before him and concluded that Plaintiff experienced mild limitations in interacting with others. This determination is supported by substantial evidence and thus must be upheld.

    C. <u>Step Four: Residual Functional Capacity Determination</u>

If the ALJ has found that an impairment is not *per se* disabling in step three, he must proceed to determining the claimant's "residual functional capacity" based on the relevant evidence. 20 C.F.R. § 416.920(a)(4)(iv). That RFC is then compared to the claimant's past work and to other work the claimant may be able to perform. *Id.* § 416.920(a)(4)(iv) & (v). Here, the remand is not required as to the ALJ's assessment of Plaintiff's moderate limitations in

concentration, persistence, and pace, but is required concerning the RFC determination as it relates to Plaintiff's degenerative disease of the lumbar spine.[3]

First, the ALJ's consideration of Plaintiff's moderate limitations in concentration, persistence, and pace in determining her RFC does not require remand. The ALJ considered Dr. Hill's report in assessing Plaintiff's RFC. Tr. 23. The ALJ found persuasive Dr. Hill's conclusions that Plaintiff "remains capable of remembering and carrying out simple instructions, maintaining attention and concentration for extended periods and completing simple tasks consistently." Tr. 23; *see also* Tr. 80. And these findings are reflected in the ALJ's RFC determination, which notes that Plaintiff can "carry out simple instructions" and the ultimate determination that Plaintiff can engage in "unskilled" work. Tr. 20, 24.

Plaintiff erroneously asserts that this Court must remand her case because the ALJ cannot avoid conducting a detailed assessment of her RFC by stating that Plaintiff can perform simple, unskilled work. Pl.'s Br. 20. Yet the Second Circuit has held that, while an RFC determination should incorporate limitations from the step three finding, remand for failure to do so is not required where a plaintiff is limited to simple or unskilled work and the record supports that Plaintiff can engage in such work. *See McIntyre v. Colvin*, 758 F.3d 146, 152 (2d Cir. 2014); *see also* Def.'s Br. at 17. As noted above, Dr. Hill, through a review of the record, including Dr. Hernandez-Rivera's report, concluded that Plaintiff could engage in simple work even when taking into consideration her moderate limitations in her concentration, persistence, and pace. Tr. 75–76,

---

[3] In passing in the conclusion of her brief, Plaintiff mentions that the ALJ should have considered her obesity in the RFC determination. Pl.'s Br. 25. But Plaintiff does not actually set forth an argument to support this assertion; nor does she provide legal support for her request for remand on this point. Thus, the Court considers this issue waived. *See Poupore v. Astrue*, 566 F.3d 303, 306 (2d Cir. 2009) (noting that failure to argue a claim in a brief on appeal permits the court to consider that issue waived).

80. Therefore, the record supports the ALJ's conclusion, and remand is not required as to this issue.

But remand is required with respect to the ALJ's reliance on the medical opinion of state medical examiner Dr. Zhang. Dr. Zhang opined that Plaintiff could "perform[ ] light work with lifting and carrying twenty-five pounds occasionally, ten pounds frequently, climbing of ramps and stairs frequently, climbing of ladders, ropes, and scaffolds occasionally, stooping occasionally, and kneeling, crouching, and crawling frequently." Tr. 23, 78–79. The ALJ found Dr. Zhang's opinion "persuasive," Tr. 23, and concluded that Plaintiff could engage in work that aligned with Dr. Zhang's conclusions. Tr. 20.

Plaintiff appears to invoke two separate arguments regarding why the ALJ's RFC formulation, which relied heavily on Dr. Zhang's opinion, was flawed. She argues that the ALJ's RFC formulation is not supported by substantial evidence because Dr. Zhang's medical opinion is stale, insofar as Dr. Zhang did not review a May 6, 2021, MRI conducted of Plaintiff's spine, or notes from Plaintiff's subsequent appointment with an orthopedist. *See* Pl.'s Br. at 3, 5. She also argues that the ALJ failed to adequately develop the medical record and then improperly substituted his own opinion for that of a medical professional. *Id.* at 4, 5. Defendant acknowledges that Dr. Zhang did not consider the May 2021 MRI results or subsequent medical evidence, but nonetheless argues that the ALJ's RFC finding was supported by substantial evidence in the record, *see* Def.'s Br. at 7–9, and that there are no obvious gaps in the record, *id.* at 10.

The Court cannot agree with Defendant, and instead concludes that remand is required because Dr. Zhang's medical opinion, on which the ALJ heavily relied, was stale. "An ALJ should not rely on stale opinions—that is, opinions rendered before some significant development in the claimant's medical history." *Sonia N.B.A. v. Kijakazi*, No. 21-CV-0709-TOF, 2022 WL 2827640,

at *5 (D. Conn. July 20, 2022) (internal quotation marks omitted). A medical opinion issued without reviewing the entire record is stale where it is fails to account for a claimant's deteriorating or otherwise changing condition, or where treatment notes from the unreviewed records are inconsistent with the reviewed records. *Id.* (citing *Camille v. Colvin*, 104 F. Supp. 3d 329, 343–44 (W.D.N.Y. 2015), *aff'd*, 652 F. App'x 25 (2d Cir. 2016); *Fambo v. Comm'r of Soc. Sec.*, 474 F. Supp. 3d 603, 608 (W.D.N.Y. 2020)). A stale medical opinion may not constitute substantial evidence to support an ALJ finding. *Id.* (citing *Camille*, 104 F. Supp. at 343).

Here, it is undisputed that Dr. Zhang's opinion was not based upon the entire available record. Specifically, it is undisputed that Dr. Zhang did not review a May 6, 2021, MRI conducted of Plaintiff's spine that was ordered by her physician following the worsening of her symptoms or notes from Plaintiff's subsequent appointment with orthopedist Dr. Sakalkale, who was consulted regarding possible spine surgery. *See* Pl.'s Br. at 2–5; Def.'s Br. at 6. *See also* Tr. 75 (providing a list of records reviewed by Dr. Zhang to inform his evaluation); Tr. 76 (indicating that Dr. Zhang reviewed an X-ray but not the MRI)*;* Tr. 378, 382 (noting worsening back pain as reason for visit and ordering an MRI of Plaintiff's back); Tr. 552–53 (MRI report); Tr. 613 (referring Plaintiff to Dr. Sakalkale, a spine surgeon); Tr. 616–17 (reviewing and interpreting MRI report and the implications of its findings); Tr. 618 (describing the MRI as "demonstrating degenerative changes at L4-L5"). The MRI results showed "degenerative changes" to Plaintiff's spine and informed Dr. Sakalkale's November 2021 recommendation that Plaintiff modify activity and engage in physical therapy. Tr. 616–17, 618. Because Dr. Zhang failed to review these records indicating that Plaintiff's degenerative spinal condition was getting worse and recommending activity modifications when he drafted his medical opinion and RFC recommendation, his opinion was stale. *See Sonia N.B.A.*, 2022 WL 2827640, at *5.

11

Defendant points to various medical records that it claims salvage the ALJ's finding, but the Court cannot agree these records provide substantial evidence supporting the ALJ's assessment. It is true that a medical opinion based on an incomplete record is not stale if treatment notes and opinions in the record before and after the opinion was issued "demonstrate substantially similar limitations and findings," or if it simply "predates other evidence in the record" and subsequent evidence does not undermine the opinion. *Sonia N.B.A.*, 2022 WL 2827640, at *5 (internal citations and quotation marks omitted). The Court can make neither finding here, however, as the MRI results and subsequent treatment notes—particularly those recommending activity modification—do, in fact, undermine Dr. Zhang's opinion of Plaintiff's functional limitations.

Additionally, while Defendant contends Plaintiff's treatment records from other points in 2021 and in 2022 substantiate Dr. Zhang's opinion, these records largely relate to visits for medical concerns other than back pain and therefore lend little support to the ALJ's conclusions about the minimal effect Plaintiff's back pain had on her functional limitations. *See* Tr. 405, 409 (8/10/2021 visit relating to right ear pain and migraine); 411, 415 (7/28/2021 visit relating to medication refill for anxiety); 417 (6/25/2021 consultation for bariatric surgery); 435, 437–38 (3/3/2021 visit relating to follow-up laboratory testing); 452, 457 (1/18/2022 visit for diabetes care follow-up); 459 (12/10/2021 telemedicine phone call for runny nose, headache, conjunctivitis, cough, and muscle aches); 463 (11/15/2021 visit for virus); 466–67 (11/15/2021 visit for bronchitis); 746, 748–49 (7/14/2022 follow-up visit for severe neck pain); 750, 752–53 (5/31/2022 visit for symptoms of menopause); 754 (4/27/22 breast ultrasound); 760, 762–63 (4/13/2022 follow up visit); 765 (4/5/2022 breast pain). Further, simply because Plaintiff did not seek treatment for back pain on every visit does not nullify that she did actively seek treatment for back pain on other

doctor visits, contrary to Defendant's assertions. *See* Def.'s Br. at 7. Other records cited by Defendant corroborate that Plaintiff was experiencing worsening back pain throughout 2021 and sought treatment for that pain. Tr. 428 (5/4/2021 visit regarding worsening back pain); 433 (3/31/2021 visit regarding lumber sciatica worsening; MRI requested); 441–42 (2/10/2021 visit for back pain after falling at home); 472–73 (9/28/2021 visit for worsening back pain). Based on a review of the record as a whole, the Court cannot conclude that the ALJ's assessment of Plaintiff's functional limitations, which relied on Dr. Zhang's stale opinion, is supported by substantial evidence. Remand is therefore required.

Alternatively, remand would be required because the ALJ failed to adequately develop the record when he had "no opinion from any medical source, treating or otherwise, as to the significance" of the May 2021 MRI and follow-up treatment and these records' "implication for [the plaintiff's] functional abilities." *Russ v. Comm'r of Soc. Sec.*, 582 F. Supp. 3d 151, 164 (S.D.N.Y. 2022); *see also Christopher B. v. Kijakazi,* No. 3:22-cv-01559 (MPS) (RMS), 2024 WL 2864194, at *16 (D. Conn. 2024), *R. & R. adopted*, *id.* ECF No. 29. As a result, it appears the ALJ substituted his own opinion for that of a medical professional when he assessed Dr. Sakalkale's notes regarding the MRI, which include complex medical assessments and terminology, to conclude that because Plaintiff's "gait and station" were normal, she did not have any further limitations that should be considered beyond those noted by Dr. Zhang's medical opinion (based on his review of an incomplete record). Tr. 22; *see Christopher B.*, 2024 WL 2864194, at *16 *(*"It is well-settled that the ALJ cannot arbitrarily substitute his own judgment for competent medical opinion."). In reaching this conclusion, the ALJ did not obtain a medical opinion to account for the implications of Dr. Sakalkale's recommendation that Plaintiff required "activity modification" and "physical therapy" in the RFC. Tr. 22; 616–17. The ALJ therefore both failed to adequately

13

develop the record and improperly substituted his own judgment for that of a competent medical opinion. *See Christopher B.*, 2024 WL 2864194, at *16.

Remand is warranted so that the full record relating to Plaintiff's spinal condition may be considered by a medical expert, and so that an ALJ may consider Plaintiff's functional abilities in light of such an opinion.

## IV.    CONCLUSION

For the reasons described herein, Plaintiff's motion to reverse is GRANTED IN PART to the extent Plaintiff seeks remand for the ALJ to consider an expert medical opinion regarding the impact overlooked records related to her spinal condition would have on her RFC, and DENIED IN PART, as to Plaintiff's remaining claims and Plaintiff's request for remand for payment of benefits.  The Commissioner's motion to affirm the ALJ's decision is DENIED.  On remand, the ALJ is instructed to obtain an expert medical opinion regarding Plaintiff's entire set of medical records included in the administrative record regarding Plaintiff's spinal condition and to reformulate Plaintiff's RFC accordingly.

The Clerk of Court is directed to enter judgment for Plaintiff and close the case.

**SO ORDERED** at Hartford, Connecticut, this 13th day of February, 2025.

  /s/ Sarala V. Nagala
SARALA V. NAGALA
UNITED STATES DISTRICT JUDGE